IN THE DISTRICT COURT OF EL PASO COUNTY
327TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| RUBEN HERNANDEZ, | § | |
| WALTER BOYAKI and | § | |
| MIRANDA & BOYAKI, a limited | § | |
| partnership | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | NO. 2004-2333 |
| | § | |
| JOHN O'QUINN, CHARLES | § | |
| MUSSLEWHITE, JR. and | § | |
| ENRIQUE ARAMBULA | § | |

DEFENDANTS' NOTICE OF NOTICE OF FILING OF REMOVAL

On February 23, 2009, Defendants John O'Quinn and Charles Musslewhite, Jr.

filed the attached notice of removal in the Office of the Clerk of the United States District

Court for the Western District of Texas.

Respectfully submitted,

Mario J. Martinez
Attorney at Law
State Bar No. 240130110
1420 Montana Ave.
El Paso, TX  79902
Telephone:    915-532-2638
Facsimile:    915-534-4421

Neil C. McCabe
THE O'QUINN LAW FIRM
State Bar No. 13335300
440 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:    713-223-1000
Facsimile:    713-222-6903
ATTORNEYS FOR DEFENDANT
JOHN M. O'QUINN

_Charles B. Musslewhite Jr.
by permission_

---

Charles B. Musslewhite, Jr.
MUSSLEWHITE & ASSOCIATES, P.C.
State Bar No. 14752500
Chase Professional Bldg.
711 Heights Boulevard
Houston, Texas 77006
Telephone: (713) 426-1900
Facsimile (713) 426-1905

ATTORNEY FOR DEFENDANT
CHARLES MUSSLEWHITE, JR.

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal was served on February 23, 2009 by hand delivery to:

Walter Boyaki
Miranda & Boyaki
4621 Pershing Drive
El Paso, Texas 79903
_Facsimile_ **915-566-5906**

Ruben Hernandez
1019 East Yandell
El Paso, TX  79902
_Facsimile to_ **915-532-9951**

---

Mario Martínez

IN THE 327TH JUDICIAL DISTRICT COURT
IN AND FOR EL PASO COUNTY, TEXAS

RUBEN HERNANDEZ,                        §
WALTER BOYAKI AND                       §
MIRANDA & BOYAKI,                       §
A LIMITED PARTNERSHIP,                  §
PLAINTIFFS,                             §
                                        §
VS.                                     §        CAUSE NO. 2004-2333
                                        §
JOHN O'QUINN,                           §
CHARLES MUSSLEWHITE, JR.,               §
AND ENRIQUE ARAMBULA,                   §
DEFENDANTS.                             §
O'QUINN, ET AL.                         §

## CONSENT TO REMOVAL

COMES NOW, Enrique Arambula, defendant in the above styled and numbered cause of action, and files this, his consent to removal and in support hereof would show the following:

I.

I have been advised that defendants John O'Quinn and Charles Musslewhite, Jr. intend to remove the above styled and numbered cause of action to federal court based upon a federal question raised by plaintiffs in their first amended petition. I consent to this removal to federal court.

Respectfully Submitted,

By: _____
        Enrique Arambula

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS

FILED

327 _____ JUDICIAL DISTRICT

2004 MAY 26 PM 3 21

_E. Estrada_

| | |
|---|---|
| RUBEN HERNANDEZ, | )( |
| WALTER BOYAKI AND | )( |
| MIRANDA & BOYAKI, | )( |
| a limited partnership | )( |
| Plaintiffs | )( |
| | )( |
| | )( NO. 2004- 2333 |
| v. | )( |
| | )( |
| JOHN O'QUINN, | )( |
| CHARLES MUSSLEWHITE JR., | )( |
| AND ENRIQUE ARAMBULA | )( |
| Defendants | )( |

## PLAINTIFFS' ORIGINAL PETITION

Come now, Ruben Hernandez, Walter Boyaki and Miranda & Boyaki, a limited partnership

complaining of John O'Quinn, Charles Musslewhite Jr., and Enrique Arambula and respectfully

would show:

### I.

This is a level two discovery case.

### II.

Plaintiffs are residents of El Paso County, Texas with their principal place of business

in El Paso County, Texas at 810 Myrtle and 4621 Pershing Dr., El Paso, Texas, respectively.

### III.

Defendant John O'Quinn  and CharlesMusslewhite Jr., individuals residing in Harris

County, Texas and may be served with process at 711 Heights Boulevard and 440 Louisiana

Suite 2300, Houston, Texas respectively.  Enrique Arambula is a Mexican national and may be

served with process whereever he may be found in the United States.

## IV.

All the Plaintiffs and the Defendants are engaged in the legal business.

## V.

On May 17, 2004 and on numerous other occasions before and after, Defendants caused to be published, printed, and circulated written materials regarding Plaintiffs which were false. Defendants made these statements with actual malice in that when the statements were made, Defendants knew they were false. Specifically, the Defendants knowledge of the falsity and reckless disregard of the truth continued with their writings and further false allegations.

## VI.

Also on May 17, 2004 and on numerous other occasions before and after Defendants announced to anyone who would listen that the Plaintiffs were stealing from them and had their hands in their pockets. These statements were false and Defendants made them with malice. Any proper investigation by any Defendant would have revealed that the statements were false. The statements constituted defamation of Plaintiffs' character in that they impeach the Plaintiffs' honesty, virtue and reputation, thereby exposing the Plaintiffs to contempt, ridicule and financial injury.

## VII.

On May 17, 2004 and on numerous other occasions before and after, Defendants attempted to interfere with Plaintiffs' clients identified attached in the Exhibit "A". They further have tried to tell the clients listed that they are the good hard working lawyers and that the Plaintiffs are liars and cheats. The defamatory statements are false and Defendants know the Plaintiffs never interfered with any of their clients. Rather it is the other way around.

## VIII.

Unless the court enjoins the Defendants from further slander, libel and interference with their clients, Plaintiffs will suffer irreparable injury in that the Defendants will attempt to steal their clients.  Plaintiffs have no other adequate remedy at law.

## IX.

As a consequence of Defendants' malicious, negligent, and inexcusable actions, they have exposed the Plaintiffs to public hatred, contempt  and ridicule and have impeached Plaintiffs' honesty, integrity, virtue and personal and professional reputations.  The Defendants conduct has caused Plaintiffs substantial injury and damage including but not limited to Plaintiffs lost employment.  Plaintiffs have been damaged in the amount of $3,500,000 for which the Defendants should be jointly and severally liable.

## PRAYER

Therefore, Plaintiffs respectfully request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have;

1.    Judgment against the Defendants in the amount of $3,500,000;

2.    Temporary and permanent injunctive relief to keep the Defendants away from Plaintiffs' clients;

3.    Costs of suit;

4.    Any other relief to which Plaintiffs show themselves entitled.



Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By: _____
**WALTER L. BOYAKI**
Attorney for Plaintiffs
State Bar No. 02759500

A TRUE COPY, I CERTIFY
BY BARB SANCHEZ, District Clerk

DEPUTY

FEB 1 9 2009



## VERIFICATION

STATE OF TEXAS     )
                        )
COUNTY OF EL PASO   )

**BEFORE ME,** the undersigned authority notary public, on this day personally appeared WALTER L. BOYAKI and RUBEN P. HERNANDEZ, known to me and on the oath of each who after being duly sworn upon the oath stated that he is the party in the case that he has read the foregoing document, and each statement, therein, is true and correct, and within his personal knowledge.

_____
**WALTER L. BOYAKI**

_____
**RUBEN P. HERNANDEZ**

Subscribed and sworn to before me on the 25th day of May, 2004 to which I place my signature and official seal.

```
LAURA J. ESCOBEDO
Notary Public, State of Texas
My Commission Expires
April 23, 2008
```

_____
Notary Public in and for the
State of Texas

# RUBEN P. HERNANDEZ
## ATTORNEY AT LAW

810 Myrtle Ave.
El Paso, TX 79901

Tel. (915) 532-9971
Fax (915) 532-9951

### Plaintiffs' with Contracts

1)   Oscar Alonso Beulo Perez
2)   Angel Ambrosio Zapot
3)   Ciro Ambrosio Garcia
4)   Javier Ambrosio Zapot
5)   Hector Rodriguez Gamas
6)   Sergio Carmona Parra
7)   Miguel A. Huerta
8)   Enrique Camrillo Flores
9)   Silvestre Avalos Aguilar
10)  Mario Arturo Martinez
11)  Nellip Rodriguez Ovando
12)  Rene Castan Cruz
13)  Julian Perez Flores
14)  Domingo Reyes Mendoza
15)  Abel Rodulfo Esquivel
16)  Esteban Castillo Maya
17)  Hermenegildo Alvarez Dominguez
18)  Felipe Cruz Rales
19)  Amado Gonzalez Santander
20)  Guillermo Gonzalez Ramos
21)  Irineo Vicencio Carballo
22)  Luis Navarro Benitez
23)  Odilon Camacho Lopez
24)  Amancio Martinez Cabrera
25)  Gerardo Utera Rivera
26)  Alejandro Del Angel Benitez
27)  Raul Santos Echavarria
28)  Oscar Luis Lopez Cobos
29)  Refugio Ramirez Victorio
30)  Gaudencio Ramirez Goxcon
31)  Jesus Martinez Campos
32)  Juan Ramirez Pio
33)  Mario Del Carmen Short Acosta
34)  Odilon Chacha Coto
35)  Hugo Villalobos Juarez



36)   Venancio Barra Marquez
37)   Gustavo Franco Velazquez
38)   Jorge Lopez Meza
39)   Nicolas Marquez Ramirez
40)   Joel Perea Toga
41)   Esteban Martinez Monroy
42)   Nicanor Franco Ortega
43)   Javier Cruz Rales
44)   Angel Gorrochotegui Arrguelles
45)   Amado Jesus Reyes Cuevas
46)   Maximo Gonzalez Morales
47)   Felipe Alberto Gonzalez Betancourt
48)   Hugo Mendez Rodriguez
49)   Pedro Del Angel Melo
50)   Ana Perez Vidal
51)   Martin Lara Zapo
52)   Bernardino Mario Conde
53)   Jesus Reyes Gonzalez
54)   Candelario Martinez Mendoza
55)   Gabriel Castellanos Cruz
56)   Jose Maria Catana Poxtan
57)   Rodrigo Cruz Chable
58)   Roberto Cruz Cruz
59)   Alfonso Cardova Pizaña
60)   Carlos Enrique Cruz Palmeros
61)   Margarito Cruz Hernandez
62)   Lorenzo Cruz Rivero
63)   Javier Corona Garcia
64)   Trinidad Hernandez Leon
65)   Cipriano Gonzalez Lopez
66)   Bartolo Gomez De La Cruz
67)   Miguel Angel Gomez Flores
68)   Angel Jesus Garcia Alcantar
69)   Isidro Gutierrez Sanchez
70)   Ambrosio Mendoza
71)   Juan Carlos Gomez Matus
72)   Luis Doming De La Riva Javier
73)   Mario De Los Santos Santos
74.   Roberto Cruz Gomez



IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

RUBEN HERNANDEZ,                )(
WALTER BOYAKI AND               )(
MIRANDA & BOYAKI, a limited     )(
partnership,                    )(
                                )(
            Plaintiffs,         )(
                                )(
v.                              )(        NO. 2004-2333
                                )(
                                )(
JOHN O'QUINN,                   )(
CHARLES MUSSLEWHITE JR.,        )(
AND ENRIQUE ARAMBULA            )(
Defendants                      )(

## PLAINTIFFS' FIRST AMENDED PETITION

Come now; Ruben Hernandez, Walter Boyaki and Miranda & Boyaki, a limited partnership complaining of John O'Quinn, Charles Musslewhite Jr., and Enrique Arambula and respectfully would show:

### I.

This is a level two discovery case.

### II.

Plaintiffs are residents of El Paso County, Texas with their principal place of business in El Paso County, Texas at 810 Myrtle and 4621 Pershing Dr., El Paso, Texas, respectively.

### III.

Defendant John O'Quinn and Charles Musslewhite Jr., individuals residing in Harris County, Texas and may be served with process at 711 Heights Boulevard and 440 Louisiana, Suite 2300, Houston, Texas respectively. Enrique Arambula is a Mexican national and may be served with process wherever he may be found in the United States.

the Plaintiffs never interfered with any of their clients. Rather it is the other way around. Many of the attempts to interfere with Plaintiffs occurred in El Paso County, Texas.

### VIII.

Unless the court enjoins the Defendants from further slander, libel and interference with their clients and their money, Plaintiffs will suffer irreparable injury in that the Defendants will attempt to steal their funds and their clients funds. Plaintiffs have no other adequate remedy at law. Defendants have attempted to use a new case and a new Court in Harris County in an attempt to bypass this Court's rulings.

### IX.

As a consequence of Defendants' malicious, negligent, and inexcusable actions, they have exposed the Plaintiffs to public hatred, contempt and ridicule and have impeached Plaintiffs' honesty, integrity, virtue and personal and professional reputations. The Defendants conduct has caused Plaintiffs substantial injury and damage including but not limited to Plaintiffs lost employment. Plaintiffs have been damaged in the amount of $3,500,000 for which the Defendants should be jointly and severally liable.

### X.

On or about December 30, 2008, Defendants filed a lawsuit which was based on a false claim/lawsuit against Plaintiffs. This action was without merit. Under Chapter 9, Texas Civil Practice and Remedies Code, Defendants filed a groundless pleading brought in bad faith for purposes of harassment and other improper purposes so as to cause an unnecessary delay and needless increase in the cost of litigation. This caused Plaintiffs substantial damages and they seek sanctions as set out in §9.012 and §10.004, Texas Civil Practice & Remedies Code in an

amount of $500,000.00 and an injunction against these Defendants from proceeding with that case.

The Defendants conspired to violate laws of the United States particularly 18 U.S.C. §1962( c) by agreeing to conduct or participate in the affairs of an enterprise in which Defendants try to prevent Counter Plaintiffs from legally practicing law, and conspiring to take Plaintiffs clients and their funds. Defendants are acting via a pattern of racketeering activity within the meaning of 18 U.S.C.§1961(1)(B) and (5). The Plaintiffs assert their action under 18 U.S.C. 1331, for violation of laws of the United States.

The Plaintiffs have been injured in their business and property by reason of Defendants' violation of 18 U.S.C. §1962(d) within the meaning of 18 U.S.C.§1964( c) in that monies due and owing to Plaintiffs have been wrongfully withheld. The unlawful withholding of monies due and owing Plaintiffs has directly and proximately caused Plaintiffs to incur substantial expense to obtain payment of monies, to lose use of their monies from 2004 forward and forego other business opportunities during the period that these monies were being unlawfully withheld. The amount of these damages exceeds $1,000,000.00.

This is also a civil action brought by Plaintiffs against Defendants' for conspiracy to use wrongful threats to obtain services and money from the Plaintiffs. Defendants combined, confederated, agreed and conspired to use wrongful and unlawful threats to violate in place agreements under the Texas Rules of Civil Procedure Rule 11 to obtain services and money from Plaintiffs. In furtherance of the conspiracy, the Defendants, in violation of 18 U.S.C. §1962 and §1964, et seq. committed one or more overt acts which directly and proximately caused Plaintiffs severe emotional distress and mental anguish as well as a substantial expense to obtain payment of monies. These actions violate the laws of the United States under 18

U.S.C. §1331 specifically for civil violations of the Racketeer Influenced Corrupt Organization

Act (RICO). Plaintiffs are persons within the meaning of 18 U.S.C. §1961(3) and 1964 ( c)

and Defendant John O'Quinn & Associates, PLLC d/b/a The O'Quinn Law firm and

Musslewhite & Associates, P.C. are persons within the meaning of 18 U.S.C. §(3) and 196( c)

or are an enterprise within the meaning of 18 U.S.C. §1961(4) ad 1962( c), or are an owner,

employer or associated with the enterprise that is engaged in or are affected by interstate

commerce within the meaning of 18 U.S.C. §1962( c).

This is a further a civil action brought by Plaintiffs against Defendants for intentional

infliction of emotional distress. Defendants themselves and through their agents intentionally

and recklessly for the purpose of causing Plaintiffs to perform services without being fully paid

for same, and to try to wrongfully obtain case monies from Plaintiffs, acted in an extreme and

outrageous manner toward Plaintiffs. Defendants' actions were a direct and proximate cause of

severe emotional distress suffered by Plaintiffs.

This is a further civil action brought by Plaintiffs against Defendants for breach of

contract and malicious interference with the business and occupations of Plaintiffs. Defendants

committed intentional and wilful acts which were designed and calculated to cause damage to

Plaintiffs in their lawful business. Defendants breached and violated a Rule 11, Texas Rule of

Civil Procedure agreement whereby the parties agreed to settle their differences. Plaintiffs have

been injured in their lawful business and occupation by reason of the malicious interference

with their lawful business and occupation in that monies due and owing have been unlawfully

withheld.

Plaintiffs incorporate the above by reference and have been damaged because of

the above actions in the total amount of $5,000,000.00.

## PRAYER

Therefore, Plaintiffs respectfully request that Defendants be cited to appear and answer,

and that on final trial Plaintiffs have;

1. Judgment against the Defendants in the amount of $5,000,000;

2. Temporary and permanent injunctive relief to keep the Defendants away from Plaintiffs' clients; the clients' money and the clients' attorneys fees which need to be paid.

3. Costs of suit;

4. Any other relief to which Plaintiffs show themselves entitled.

Respectfully submitted,

**WALTER L. BOYAKI**
State Bar No. 02759500
*Miranda & Boyaki*
4621 Pershing Drive
El Paso, Texas  79903
Tel: (915) 566-8688
Fax: (915) 566-5906

**RUBEN P. HERNANDEZ**
State Bar No. 24009765
1019 East Yandell
El Paso, Texas 79902
Tel: (915) 532-9971
Fax:(915) 532-9951

A TRUE COPY. I CERTIFY
GILBERT SANCHEZ, District Clerk

BY _____ DEP'D

FEB 1 9 2009

## VERIFICATION

State of Texas            )
                          )
County of El Paso         )

Before me, the undersigned authority, on this day personally appeared WALTER L. BOYAKI, who after being by me first duly sworn, on his oath states the following:

"I, WALTER L. BOYAKI, have read the foregoing First Amended Petition, and the facts stated in it are true and correct."



_____
WALTER L. BOYAKI

SWORN TO AND SUBSCRIBED BEFORE ME this 23 day of January, 2009.

LETICIA LEAL
MY COMMISSION EXPIRES
October 10, 2011

_____
Notary Public in and for the
State of Texas

## CERTIFICATE OF SERVICE

I, WALTER L. BOYAKI, do hereby certify that a true and correct copy of the foregoing instrument was forwarded to CHARLES B. MUSSLEWHITE, 711 Heights Blvd. Houston, Texas 77007, MARIO MARTINEZ, 1420 Montana Ave., El Paso, Texas 79902, JOHN M. O'QUINN and NEIL McCabe, 440 Louisiana, Suite 2300, Houston, Texas 77002, and ENRIQUE ARAMBULA, c/o HERIBERTO RAMOS, 917 Franklin, Suite 300, Houston, Texas 77002, on this ___ day of January, 2009.

_____
WALTER L. BOYAKI



03/02/2006  18:48    7134254301                    STEPHEN BOUTROS                              PAGE  02/11

Scanned

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327 JUDICIAL DISTRICT

| | |
|---|---|
| JUAN ESTEBAN CRUZ ESQUIVEL, | )( |
| MARIA ISABEL CERVANTES RINCON, | )( |
| VIRGINIA CHAGOYA MARTINEZ | )( |
| de RAMIREZ  and GELACIO ROMAN | )( |
| ACOSTA, | )( |
| | )( |
| Third Party-Intervenors, | )( |
| | )( |
| v. | )( |
| | )( |
| JOHN O'QUINN | )( |
| | )( |
| Defendant. | )( |

## 3ᴿᴰ PARTIES ORIGINAL PETITION
## FOR INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Intervenors, JUAN ESTEBAN CRUZ ESQUIVEL, MARIA ISABEL CERVANTES RINCON, VIRGINIA CHAGOYA MARTINEZ de RAMIREZ  and GELACIO ROMAN ACOSTA file this petition for intervention complaining of JOHN O'QUINN and respectfully show:

### I.

Pursuant to Rule 60, T.R.C.P., Intervenors JUAN ESTEBAN CRUZ ESQUIVEL, MARIA ISABEL CERVANTES RINCON, VIRGINIA CHAGOYA MARTINEZ de RAMIREZ  and GELACIO ROMAN ACOSTA file this petition for intervention as a party in the above action.

### II.

The original action and the Intervenors' action in this case arise out of a dispute of attorneys fees and costs in a related case where the intervenors were Plaintiffs.

EXHIBIT  1

### III.

Intervenors have a justiciable interest in this lawsuit in that the Defendant JOHN O' QUINN had a contract with Intervenors for attorneys fees and costs for their representation in a personal injury lawsuit.

### IV.

Intervenors could have brought this action in their own name. However, the issues in the original case are essentially the same and this action will not excessively multiply issues. The Intervenors had contracts with the Defendant for legal representation..

### V.

Intervenors' intervention in this action is essential to effectively protect the Intervenors' interests because the Defendant JOHN O'QUINN has settled their cases in another proceeding without providing compensation to Intervenors.

### VI.

As a result of the attorney – client relationship between Intervenors and the Defendant O'Quinn, the Intervenors did in fact reasonably rely on his work, assurances and conduct regarding the legal services contract. The words and assurances made by the Defendant O'Quinn in regards to their original lawsuit concerning fees and expenses were false and excessive. The signature of the Intervenors on their settlement documents were fraudulently obtained and the Defendant's legal services were fraudulent.

### VII.

The Defendant O'Quinn intentionally mislead the Intervenors as to:

    (1)    The merits of their initial claims.

(2)    The cost and expenses to pursue the claims.

(3)    The amount of attorneys fees which were charged to the Intervenors and

other clients.

(4)    The final accounting for each of their cases in the original proceeding.

(5)    Improperly used or betrayed clients' trust.

(6)    Engaged in self dealing.

(7)    Failed to place clients interest over his own.

## VIII.

The fees and expenses charged by the Defendant O'Quinn for his services violated
Section 1.04 of the Texas Disciplinary Rules of Professional Conduct in that the fees sought
and charged as well as the expenses charged for services were unconscionable since a
competent lawyer could not form a reasonable belief that these fees were reasonable. Thus the
performance under the contract is against public policy.  Defendant violated his fiduciary duty
to Intervenors.

## IX.

By reason of the violation of fiduciary duty and fraud of the Defendant O'Quinn as well
as the intentionally malicious acts and conduct of the Defendant against the Intervenors,
Intervenors have been damaged in an amount in excess of the minimum jurisdictional limits of
the court.  Further due to the violation of his fiduciary duty, Defendant O'Quinn has forfeited
any fee he obtained in his representation of the Intervenors.

## X.

By reason of the violation of fiduciary duty and fraud of the Defendant O'Quinn, as well as the intentionally malicious wanton and reckless acts and conduct of the Defendant which directly and proximately caused injuries to the Intervenors, Intervenors have been damaged in such away to warrant the imposition of exemplary and punitive damages to Intervenors in the amount of $5,000,000.00.

## XI.

Intervenors request trial by jury.

## PRAYER

Intervenors pray for judgment against Defendant in the amounts mentioned above together with interest and costs and for any other and further relief as the court may deemed proper.

Respectfully submitted,


**ARTHUR BALLEN**
Law offices of Arthur Ballen
1103 Laurel Oak Rd.
Voorhees, New Jersey 08002


**HERIBERTO RAMOS**
Ramos & Associates
917 Franklin, Suite 300
Houston, Texas 77002
State Bar No. 24033102

03/02/2006  18:48    7134254301

ABR-15-2004 08:52A   DE 1CHAGO.

STEPHEN BOUTROS  P

(792)82 35975

STEPHEN BOUTROS  A:00171-254301

PAGE   08/11

P.1

**APPROVED:**

JUAN ESTEBAN CRUZ ESQUIVEL

MARIA ISABEL CERVANTES RINCON

VIRGINIA CHAGOYA MARTINEZ de RAMIREZ

GELACIO ROMAN ACOSTA

PAGE 5 OF 7

03/02/2006  18:48   7134254301
3-MAR-2004 08:41A  DE :
03/02/2006  18:53   7134254301

STEPHEN BOUTROS  &

STEPHEN BOUTROS  A:0017134254301
                 & A

PAGE  09/:
P. 1

**APPROVED:**

JUAN ESTEBAN CRUZ ESQUIVEL

MARIA ISABEL CERVANTES RINCON

VIRGINIA CHAGOYA MARTINEZ de RAMIREZ

GELACIO ROMAN ACOSTA

APPROVED:

_Juan Esteban Cruz Esquivel_

JUAN ESTEBAN CRUZ ESQUIVEL

MARIA ISABEL CERVANTES RINCON

VIRGINIA CHAGOYA MARTINEZ de RAMIREZ

GELACIO ROMAN ACOSTA

03/02/2006   10:48      7134254301

03/02/2006   10:41      8236006

STEPHEN BOUTROS  &
PAPELERIA SUSY

PAGE   11/11

PAG.   01

03/02/2006   10:55      7134254301

STEPHEN BOUTROS  & A

FASE   02/02

APPROVED:

JUAN ESTEBAN CRUZ ESQUIVEL

MARÍA ISABEL CERVANTES RINCON

VIRGINIA CHAGOYA MARTINEZ de RAMIREZ

DELACIO GUZMAN ACOSTA

## VERIFICATION

STATE OF NEW JERSEY )
                        )
COUNTY OF           )

BEFORE ME, the undersigned authority notary public, on this day personally appeared ARTHUR BALLEN, known to me and on the oath of each who after being duly sworn upon the oath stated that he is the party in the case that he has read the foregoing document, and each statement, therein, is true and correct, and within his personal knowledge.

_____
ARTHUR BALLEN

Subscribed and sworn to before me on the _____ day of March, 2006 to which I place my signature and official seal.

_____
Notary Public in and for the
State of New Jersey.

# VERIFICATION

STATE OF TEXAS           )
                         )
COUNTY OF HARRIS         )

BEFORE ME, the undersigned authority notary public, on this day personally appeared HERIBERTO RAMOS, known to me and on the oath of each who after being duly sworn upon the oath stated that he is the party in the case that he has read the foregoing document, and each statement, therein, is true and correct, and within his personal knowledge.

_____
HERIBERTO RAMOS

Subscribed and  sworn to before me on the _____ day of March, 2006 to which I place my signature and official seal.

_____
Notary Public in and for the
State of Texas

JULIE JANE DELUNA
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
APRIL 10, 2007